**Scott MASSIE, Petitioner–Appellant,**

v.

**Haunani HENRY, Warden, Respondent–Appellee.**

**No. 00–17492.**

**D.C. No. CV–97–01905–FCD.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Martin's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1.  Cal.Penal Code § 245(a).

## MEMORANDUM**

Scott Massie appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging the sentence imposed following his guilty plea conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Massie contends that the imposition of consecutive sentences for, *inter alia*, (1) assault with a deadly weapon, with force to produce great bodily injury,[1] and (2) unwillful, deliberate, premeditated attempted murder,[2] along with special allegations of infliction of great bodily injury[3] violates the Double Jeopardy prohibition against multiple punishments for the same offense. We review de novo the district court's denial of a section 2254 habeas petition. *Bean v. Calderon*, 163 F.3d 1073, 1077 (9th Cir.1998).

Because the challenged statutes governing assault and attempted murder as charged here each require proof of an additional element not found in the other statute, they do not constitute the "same offense"; therefore, the trial court did not violate the Double Jeopardy Clause by convicting and sentencing Massie under both statutes. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see also United States v. Wolfswinkel*, 44 F.3d 782, 784–85 (9th Cir. 1995) (deciding the reviewing court focuses on the statutory elements of each offense). Moreover, imposing an enhancement under California Penal Code § 12022.7, for infliction of great bodily injury, does not violate the prohibition against double jeopardy because that statute requires proof of an element, namely intent to inflict great bodily injury, which is not required under

2.  Cal.Penal Code §§ 664 and 187.

3.  Cal.Penal Code § 12022.7.

California Penal Code § 664, § 187 or § 245(a). *See People v. Parrish,* 170 Cal. App.3d 336, 217 Cal.Rptr. 700, 704–705 (Cal.Ct.App.1985) (concluding that § 12022.7 does not define a separate offense and is a mere sentencing enhancement); *compare United States v. Garcia–Camacho,* 122 F.3d 1265, 1269 (9th Cir. 1997) (concluding that an enhancement for inflicting actual bodily injury under the United States Sentencing Guidelines was not improperly imposed in addition to a sentence for felonious assault "involving" serious bodily injury).

Because there was no double jeopardy violation, the district court properly denied Massie habeas relief. *See* 28 U.S.C. § 2254(b)(2).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.